IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ASH,

                           Plaintiff,

        v.                                                    OPINION and ORDER

STATE OF WISCONSIN, EX REL. EMILY LONG,                        26-cv-189-jdp
CPS, EAU CLAIRE COUNTY CIRCUIT COURT
JUDGE,

                           Defendants.

---

Plaintiff James Ash, proceeding without counsel, alleges that a Dane County Circuit Court judge and social workers violated his due process rights in a termination-of-parental-rights case. The court has allowed Ash to proceed with this case without prepaying any portion of the filing fee. Dkt. 3.

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the complaint's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Ash's complaint doesn't state a claim for relief, but I will give him a chance to submit an amended complaint fixing his pleading problems.

ANALYSIS

Ash's allegations are very brief. He alleges that his parental rights were terminated without proper notice or a full evidentiary hearing by Judge Emily Long based on fabricated reports by county social workers. He also alleges that the social workers engaged in improper ex parte communications with the judge and withheld documents that would have helped him. He seeks damages, court-ordered visitation with his children under Wisconsin law, reassignment of his case to a different judge and dismissal of "outstanding warrants or contempt orders." Dkt. 1, at 3.

Ash's complaint has multiple problems. Chief among them is that this court cannot undo the state court's termination of his parental rights; this federal district court does not have jurisdiction to overturn state court judgments. *See Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765 (7th Cir. 2024). The governing principle is referred to as the *Rooker-Feldman* doctrine, named after two Supreme Court cases that applied the doctrine. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Nor can this court order the state court to reassign its cases or vacate warrants or contempt orders.

Also, Ash names only the "State of Wisconsin, ex rel. Emily Long, CPS, Eau Claire County Circuit Court Judge" as a defendant. Ash cannot sue the state itself in a lawsuit like this one, brought under 42 U.S.C. § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65–66 (1989). Even if he attempted to sue Judge Long, judges have absolute immunity for the acts they take in their judicial capacity. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). He alleges that social workers violated his rights but he doesn't say who they are.

Because Ash's complaint doesn't comply with the pleading rules, I will dismiss it. But I will give him a short time to submit an amended complaint fixing these problems. In drafting his amended complaint, Ash should be sure to:

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

If Ash fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 704–06 (7th Cir. 2011) (court may dismiss case when plaintiff fails to correct pleading defects).

## ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until April 17, 2026, to submit an amended complaint.

Entered March 27, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

3